Defendant-appellant, Allen Lane Parker, appeals his sentence, imposed by the Clermont County Court of Common Pleas, after he pled guilty to voluntary manslaughter.[1] We affirm the decision of the trial court.
On the afternoon of October 18, 1997, appellant was in the home of his brother and victim of this crime, Robert C. Parker. Robert had asked appellant to leave his home the previous evening and the morning prior to the physical altercation with appellant. The record indicates both appellant and the victim were drinking. Robert picked up a knife. Appellant, while in a rage, attempted to gain control of the knife while the knife was still held by Robert and threw Robert to the ground. Robert landed on the knife, resulting in a mortal wound.
On October 22, 1997, appellant was indicted for murder pursuant to R.C. 2903.02(A). On February 5, 1998, pursuant to a plea agreement, appellant pled guilty to voluntary manslaughter, a felony of the first degree. After considering the testimony of family members and the presentence report, the trial court sentenced appellant to seven years in prison. From this sentence, appellant filed a timely notice of appeal and presents one assignment of error for our review:
 THE TRIAL COURT ERRED WHEN IT SENTENCED THE APPELLANT TO SERVE SEVEN YEARS IN PRISON FOR VOLUNTARY MANSLAUGHTER, CONTRARY TO LAW.
We initially note that under the sentencing procedures enacted as part of Senate Bill 2, this court cannot reduce, modify or vacate appellant's sentence unless we find the trial court's decision is clearly and convincingly unsupported by the record and/or contrary to law. R.C. 2953.08(G)(1)(a) (d); State v.Garcia (Mar. 2, 1998), Clermont App. No. CA97-04-042, unreported, at 2; State v. Donnelly (Dec. 30, 1998), Clermont App. No. CA98-05-034, unreported, at 7. Keeping this standard of review in mind, we consider appellant's assignment of error.
Pursuant to R.C. 2929.14(A)(1), the prison term for a felony of the first degree ranges from three to ten years. Since appellant has never served a previous prison term, the minimum sentence shall be imposed "unless the court finds on the record that the shortest prison term will demean the seriousness of the offender's conduct or will not adequately protect the public from future crime by the offender or others." R.C.2929.14(B).[2] Appellant argues that he should have received the minimum sentence of three years. The trial court found that the minimum sentence would demean the seriousness of the offender's conduct and sentenced appellant to seven years in prison.
In reaching the conclusion that seven years was an appropriate sentence, the trial court was required to consider the sentencing factors enumerated in R.C. 2929.12 as well as any other relevant factor. Appellant argues that these sentencing factors establish that the trial court erred by not imposing the minimum sentence of three years. We disagree.
The trial court noted on the record that none of the factors of R.C. 2929.12(B) which indicate appellant's "conduct is more serious than conduct normally constituting the offense" apply to this case.[3] R.C. 2929.12(C) requires the trial court to consider the following factors, as well as any other relevant factors, which indicate that appellant's "conduct is less serious than conduct normally constituting the offense":
(1) The victim induced or facilitated the offense.
 (2) In committing the offense, the offender acted under strong provocation.
 (3) The offender did not cause or expect to cause physical harm.
 (4) There are substantial grounds to mitigate the offender's conduct.
Upon reading the entire sentencing hearing, the trial court concluded that none of the mitigating factors of R.C.2929.12(C) made appellant's crime less serious than the conduct normally constituting voluntary manslaughter. Appellant argues that the victim facilitated the offense, the offender acted under strong provocation and the offender did not cause or expect to cause physical harm. We believe the trial court's conclusion was reasonable on each of these sentencing factors.
The victim asked appellant to leave his home the night before and the morning of the altercation and appellant did not leave. Appellant chose to escalate the situation when the victim was holding the knife, rather than leaving the home. Therefore, even assuming the victim facilitated the offense by initially grabbing the knife, the trial court was entitled to give this factor little or no weight in sentencing. R.C. 2929.12(C)(1). The provocation factor applies to this case, but deserves little or no weight because it is inherent in the elements of the crime of involuntary manslaughter. The fact that appellant was provoked does not make appellant's conduct less serious than the conduct typically arising out of a voluntary manslaughter conviction.
Appellant argues that he did not intend to cause physical harm. R.C. 2929.12(C)(3). However, by pleading guilty to voluntary manslaughter, appellant admitted that he knowingly caused the death of another. The consequences of appellant's actions were foreseeable. The fact that appellant did not intend to kill his brother is inherent in the mens rea for voluntary manslaughter which, unlike murder, does not require intentional conduct. As the trial court stated, appellant's crime is not less serious than the typical conduct constituting voluntary manslaughter.
The trial court is required to consider whether the offender is likely to commit future crimes. See R.C. 2929.12(D) and (E). In this case, the offender had numerous criminal convictions prior to this felony. See R.C. 2929.12(D)(2) and (E)(2). Defense counsel conceded that appellant "was under some type of community control or probation at the time" of the offense and the presentence report confirms appellant was on probation for previous domestic violence convictions. R.C. 2929.12(D)(1). In addition, the trial court concluded that appellant had a pattern of alcohol abuse which related to his past criminal convictions. The trial court described how appellant had missed the opportunity to change his life when he was convicted of numerous misdemeanors in municipal court, including convictions involving violence and alcohol. R.C. 2929.12(D)(3). Appellant argues that there is no evidence that his alcohol condition was related to the offense. However, at the sentencing hearing, defense counsel indicated that:
 Alcohol is his drug of choice. [Appellant] also indicates that, to the probation officer, that he drinks, consumes, a case of beer approximately every day for the past four or five years. That is a substantial quantity of alcohol.
 And there's no question that he and his brother were drinking. His brother's blood alcohol substantiates that as well as [appellant's] own condition at the time the offense occurred. (Emphasis added.)
These statements and the presentence report demonstrate that appellant's alcohol problem was related to the commission of this particular crime, as well as many of his past criminal offenses.
The trial court acknowledged that appellant had showed genuine remorse. R.C. 2929.12(E)(5). However, in weighing all the relevant factors, the court found seven years appropriate. Appellant's argument implies that sentencing factors can be counted to determine an appropriate sentence. This reasoning presumes that the trial court would give all factors the same weight. We do not find that the Senate Bill 2 felony sentencing procedures require this analysis. The trial court must consider all relevant factors including, but not limited to, the enumerated factors of R.C. 2929.12, but the weight to be given those factors is within the discretion of the trial court.
As noted, we can only reverse the trial court's decision if it is clearly and convincingly unsupported by the record and/or contrary to law. Garcia at 2. In this case, the trial court found that appellant's conduct was neither less or more serious than the actions typically arising out of voluntary manslaughter. In reaching the conclusion that seven years was appropriate, it is clear the trial court weighed heavily the recidivism factors of R.C. 2929.12(D) and (E). We find that the trial court's decision has sufficient support in the record and is within the statutory sentencing guidelines. Accordingly, the single assignment of error is overruled.
Judgment affirmed.
YOUNG, P.J., and KOEHLER, J., concur.
[1] R.C. 2903.03, Voluntary Manslaughter, states that "[n]o person, while under the influence of sudden passion or in a sudden fit of rage, either of which is brought on by sudden provocation occasioned by the victim that is reasonably sufficient to incite the person into using deadly force, shall knowingly cause the death of another * * *."
[2] The statute references other exceptions, but they do not apply to this case.
[3] Pursuant to R.C. 2929.12(B), the following factors shall be considered by the trial court in felony sentencing:
 (1) The physical or mental injury suffered by the victim of the offense due to the conduct of the offender was exacerbated because of the physical or mental condition or age of the victim. (2) The victim of the offense suffered serious physical harm as a result of the offense. (3) The victim of the offense suffered serious physical, psychological, or economic harm as a result of the offense related to that office or position. (4) The offender's occupation, elected office, or profession obliged the offender to prevent the offense or bring others committing it to justice. (5) The offender's professional reputation or occupation, elected office, or profession was used to facilitate the offense or is likely to influence the future conduct of others. (6) The offender's relationship with the victim facilitated the offense. (7) The offender committed the offense for hire or as a part of an organized criminal activity. (8) In committing the offense, the offender was motivated by prejudice based on race, ethnic background, gender, sexual orientation, or religion.